DODGE *vs.* AYCRIGG and others.

The separate release of a *feme covert* will not extinguish her right of dower.
The bill retained under the circumstances of this case, to permit the complainant to procure a formal release from husband and wife.

*A. B. Woodruff*, for complainant.

*A. O. Zabriskie*, for defendant.

THE CHANCELLOR. John B. Aycrigg, being indebted to Thomas Frazier in the sum of three thousand dollars, gave him his bond, in the penal sum of six thousand dollars, with the following condition, that if the said Aycrigg, his heirs, executors, or administrators, should pay to the said Frazier, his executors, administrators, or assigns, the said sum of three thousand dollars, when the dower right of Constantia, the wife of the said Frazier, should be extinguished, by death, release, or otherwise, in the lands at Acquackanonk, conveyed by said Frazier to said Aycrigg on the day of the date of the said bond, and in the mean time should pay the interest thereon half-yearly, so long as not disturbed by any claim of said Constantia, then the said bond should be void. This bond was given for the purchase money of the land referred to in its condition, and a mortgage was given on the land for security. The bond and mortgage were afterwards assigned to the complainant. This bill is filed on the mortgage to enforce the payment of the principal money secured thereby. It is averred, in the bill, that the dower right of the said Constantia was extinguished by deed of release, duly executed by her on the 30th day of November, 1854, to the said John B. Aycrigg, and acknowledged by her before a competent officer; that the complainant caused the said deed of release afterwards to be tendered to the said Aycrigg, and that he refused to ac-

Dodge *v.* Aycrigg.

cept the same, alleging that the said Constantia was of unsound mind. The bill alleges that, at the time of the execution and acknowledgment of the release, she was of sound mind.

The answer admits the execution and acknowledgment of the release, and the tender of it to Mr. Aycrigg, but denies that, at the time of its execution and acknowledgment, Constantia Frazier was of sound mind, and also sets up and insists that, if she were of sound mind, the release is not such a one as extinguishes her inchoate right of dower in the premises.

By the condition of the bond, the principal money secured by the mortgage is not payable until the dower right of Constantia Frazier is extinguished by death, release, or otherwise. I think the evidence shows that, at the time she executed the release in question, she was of sufficiently sound mind to execute such an instrument, and that the objection to the release on that ground is not sustained. But the other objection—that she being a *feme covert* the release is inoperative, and does not extinguish her right of dower because her husband did not join in the deed of release—must be sustained. The question is not an open one. It has lately been determined by the Court of Errors and Appeals, by the unanimous vote of that court. *Moore* v. *Rake*, 2 *Dutcher* 574. It was thus determined that the deed must be a *joint* deed, and that the separate deed of the wife will not pass her title to the real estate. All the arguments which the complainant's counsel has addressed to the court in his written brief in this case were duly considered in the case of *Moore* v. *Rake*.

From what appears before me in the case, I suppose there is no difficulty in the complainant's procuring a joint release of the husband and wife, and that it was through a misapprehension of the law that the separate release of the wife has been relied upon. Under these circumstances, I will afford the complainant an opportu-

nity of perfecting the title upon such terms as are con-sistent with the defendants' rights in the suit. The com-plainant must pay the defendant, Aycrigg, his costs of defending this suit. He must procure a proper release to be executed within twenty days. The defendant must have thirty days after the execution of such release to pay the principal money and such interest as may then be due. If the defendant fail to make payment within the time limited, then the complainant may take his de-cree with costs of taking the decree and subsequent pro-ceedings, but no costs to be taxed for any proceedings prior to the decree.